**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeremy Lee Winland,** | ) | **CASE NO. 1:13 CV 2180** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Lt. Hoy, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Jeremy Lee Winland filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Segregation Lieutenant Hoy, MANCI Deputy Warden Mr. Marques, and Corrections Officer John Doe working the SMU-3 B side on the first shift September 12, 2013. In the Complaint, Plaintiff claims Defendants violated his Eighth Amendment rights when he was temporarily placed in a cell with an inmate from whom he had a separation order. He also asserts an Eighth Amendment claim based on the conditions in his segregation cell. He seeks monetary damages.

**BACKGROUND**

Plaintiff alleges he was in segregation on a false allegation that he took medication without authorization. He also alleges he was in segregation while his request for protective control was investigated. He claims that on July 9, 2013, he was on his way to lunch when two Latin Kings gang members approached him and told him he had to "pay up" or be hurt. He

claims the gang members were referring to an incident with the Latin Kings gang at the Toledo Correctional Institution that resulted in the gang's order to its members to terminate Plaintiff on sight. He informed his unit manager of the encounter with the gang members on his way to lunch, and she, in turn, informed Lieutenant Barlow. Lieutenant Barlow initiated the protective control investigation.

Plaintiff contends he was initially placed in segregation in a single-man cell. He objected to the conditions in that cell, claiming it had insufficient lighting. He further alleges the shower in cell was covered with a piece of plexiglass. He does not elaborate on this statement. It is possible that he is suggesting that the shower is separated from the rest of the cell by a piece of plexiglass which is inadequate to perform the functions of a shower curtain. It is also possible that he is suggesting the showerhead was covered with a piece of plexiglass rendering the shower inoperable. He states he had only two showers in eighteen days and was unable to shave.

Plaintiff complained to segregation personnel about these conditions and was moved to a two-man cell in another part of segregation. He was housed with another inmate from August 22, 2013 until September 2, 2013. Plaintiff expressed his fear of other inmates due to his problems with the Latin Kings. He alleges that when his cellmate was moved, he was told he would not be assigned another cellmate until the protective custody investigation concluded.

Nevertheless, on September 12, 2013, Defendant John Doe brought a hispanic inmate to Plaintiff's cell. After the officer left, the inmate took off his shirt and Plaintiff could see tattoos on his chest indicating he was a member of the Latin Kings gang. Plaintiff passed a note to another corrections officer on the next shift and asked the officer to forward the note to the

corrections officer working at the center desk. The officer at the desk came to Plaintiff's cell, and in the presence of Plaintiff's cellmate indicated there were no separation orders on file and he could do nothing to remove a Latin King gang member from his cell. Plaintiff alleges his cellmate realized Plaintiff was afraid of him and began talking through the bars of his cell to other gang members in the segregation unit. Plaintiff indicates his cellmate then used his apparent fear to threaten and intimidate him.

The next day, September 13, 2013, Plaintiff passed notes to the first shift corrections officers asking for assistance. Plaintiff states his commissary order arrived and his cellmate placed a hand against Plaintiff's throat and indicated he would hurt the Plaintiff if he did not hand over his commissary items. Plaintiff complied. Plaintiff's notes were handed over to the center desk corrections officer, who in turn forwarded them directly to Lieutenant Barlow. Plaintiff was immediately removed from the cell for his safety.

Plaintiff claims he was assigned to another single-man cell similar to the first cell to which he was assigned. He contends this cell also had insufficient lighting, and a shower with a plexiglass cover. He states he has sent inmate kites to his Unit Manager Administrator and the Deputy Warden complaining of his cell conditions but he did not receive a personal response.

Instead, Plaintiff was once again moved to a two-man cell on September 23, 2013. He states "I will say Lt. Hoy done this move as well." (ECF No. 1 at 7). This time, Plaintiff was moved into a cell with an inmate affiliated with the GD gang[1]. Plaintiff fears the GD gang is working with the Latin Kings to extort him, and expresses concern that his life is in danger.

---

[1] It is probable Plaintiff is referring to the Gangster Disciples prison gang. *See* http://prisonoffenders.com/gangster_disciples.html

Plaintiff asserts three claims under the Eighth Amendment. First, he claims the Defendants failed to protect him from potential inmate assaults and placed him in danger by allowing a Latin King gang member to be housed in the same cell. Second, he objects to the conditions of confinement in his single-man cells. Finally, Plaintiff asserts Lieutenant Hoy placed him in danger by assigning him to a cell with a GD gang member.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

**A. Failure to Protect**

Plaintiff has two Eighth Amendment claims based on allegations that the Defendants

failed to protect him or placed him danger of attack by gang members. First, Plaintiff claims an inmate member of the Latin Kings prison gang was assigned to his cell. While this claim arguably satisfies the objective component of an Eighth Amendment claim, it fails to satisfy the subjective component.

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in committing the acts which form the basis of the claim. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837).

Plaintiff does not suggest that either Lieutenant Hoy or Deputy Warden Marques was involved in the decision to move the inmate into Plaintiff's cell. There are no allegations against these Defendants with respect to this incident. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). This is particularly true in an Eighth Amendment claim where one of the elements of the cause of action requires Plaintiff to not only allege the Defendant was personally involved in the actions, but that he also possessed a sufficiently culpable state of mind while committing the

acts. Absent allegations against Hoy or Marques, Plaintiff cannot sustain an Eighth Amendment claim against these Defendants pertaining to this incident.

Plaintiff's Complaint suggests that John Doe Corrections Officer working the first shift had only limited involvement with the events that transpired. He claims this corrections officer brought the inmate to his cell, and left. Plaintiff does not allege this Defendant knew of the protective control investigation pertaining to the Latin Kings, knew that the inmate was a member of the Latin Kings, and disregarded this risk to Plaintiff's safety when he placed the inmate in the cell with Plaintiff. Moreover, Plaintiff was not immediately aware of the inmate's gang affiliation. He discovered this fact later when the inmate removed his shirt revealing his gang tattoo. Plaintiff then passed a note to another corrections officer working the second shift. He was moved from the cell the next day. Plaintiff has not alleged sufficient facts to suggest John Doe acted with deliberate indifference to his safety.

In his second Eighth Amendment claim asserting a failure to protect him from harm, Plaintiff alleges Lieutenant Hoy placed him in danger on September 23, 2013 by moving him to a cell with a member of the GD gang. He does not indicate he had previous encounters with GD gang members. He states only that he fears the GD gang is working with the Latin Kings to extort him. While this brief statement may arguably satisfy the objective component of an Eighth Amendment claim, it does not satisfy the subjective component.

Plaintiff provides very few factual allegations with respect to this claim. He does not indicate that Hoy knew of a problem between Plaintiff and the GD gang prior to allegedly approving Plaintiff's move to a cell with a GD gang member. Indeed, Plaintiff does not allege he experienced problems with the GD gang prior to this move. Having a separation order from

inmates affiliated with one prison gang does not guarantee Plaintiff a private cell for the remainder of his incarceration, nor does it render all other inmates an immediate and apparent threat to Plaintiff's safety. While Plaintiff is understandably fearful and distrustful of all of his fellow inmates, he cannot use this general fear to conclude Hoy acted with deliberate indifference to his safety by assigning him to a cell with an inmate with whom he has had no prior conflicts or difficulties. Plaintiff fails to allege facts demonstrating that Hoy was aware of a significant risk to Plaintiff's safety in this cell assignment, and disregarded that risk by arranging the move.

**B. Conditions of Confinement**

Finally, Plaintiff objects to the conditions in the single-man cells. He contends there is insufficient light in the cell and the only window providing ambient light is four inches by six feet in area. He further alleges his shower is inadequate because it is covered by a piece of plexiglass. It is unclear from this statement whether the plexiglass is being used as a shower curtain which Plaintiff claims is ineffective, or whether the plexiglass is being used to cover the showerhead to prevent its use. Nevertheless, these allegations fail to satisfy either the objective or the subjective criteria for an Eighth Amendment claim.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). To meet this extreme standard, the deprivation

alleged "must result in the denial of 'the minimal civilized measure of life's necessities'" which has been defined as the deprivation of "essential food, medical care, or sanitation" or exposure to "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 347-48; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998).

Not every unpleasant experience a prisoner might endure while incarcerated, however, constitutes cruel and unusual punishment within the meaning of the Eighth Amendment. *Ivey*, 832 F.2d at 954. Cells with foul odors or overcrowded conditions requiring inmates to sleep on the floor do not implicate the Eighth Amendment unless the inmate is also denied essential food, basic sanitation, or safe temperatures. *See Knop v. Johnson*, 977 F.2d 996, 1012-19 (6th Cir.1992)(finding a malodorous cell did not constitute an Eighth Amendment violation); *Brodak v. Nichols*, No. 97-1688, 1998 WL 553032, at *1-2 (6th Cir. Aug. 17, 1998)(stating that an overcrowded cell in which inmates were required to sleep on the floor did not violate the Eighth Amendment). The Eighth Amendment does not guarantee inmates "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*,*175* F.3d 378, 405 (6th Cir. 1999). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute immediate and serious health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10.

Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny. He claims his cell was poorly lit and received insufficient ambient light from the window. He also alleges the shower in the cell was ineffective or inoperable. While these conditions may cause the Plaintiff some discomfort, the allegations in the Complaint do not

suggest they present an immediate and serious risk to his health or safety.

In addition, this claim fails to satisfy the subjective component of the Eighth Amendment. Plaintiff does not allege that either Lieutenant Hoy or John Doe Corrections Officer was responsible for the conditions in the cells or Plaintiff's assignment to them. Furthermore, while he indicates he sent a kite to the Deputy Warden and did not receive a response, that allegation does not support an Eighth Amendment claim. Responding to a grievance or otherwise participating in the grievance process is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). *See Martin v. Harvey*, No. 00-1439, 2001 WL 669983, at *2 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Plaintiff does not allege facts suggesting that any of the Defendants was personally involved in Plaintiff's cell assignment or the conditions present in those cells. He has not demonstrated that any of the Defendants possessed the requisite level of culpability to sustain an Eighth Amendment claim.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/6/14